**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

**LEANDRO VAZQUEZ VAZQUEZ,**
**Individually and on Behalf of All Others**
**Similarly Situated,**

                       **Plaintiff,**

-against-

**JASEM RESTAURANT, INC. d/b/a**
**SUTTON CAFÉ RESTAURANT, JOHN**
**MANOLIDIS and VERA MANOLIDIS,**
**Jointly and Severally,**

                       **Defendants.**

</td><td>

**CLASS & COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

</td></tr>
</table>

Plaintiff Leandro Vazquez Vazquez (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former restaurant employee at defendants' café restaurant in the Sutton Place neighborhood of Manhattan.  For his work, throughout the relevant time period, Plaintiff was paid a flat weekly rate that did not compensate him at the minimum wage for all hours worked, did not provide him with overtime premium pay for hours worked over forty (40) each week and did not include spread-of-hours premiums for days when he worked in excess of ten (10) hours. In addition, Defendants failed to provide Plaintiff with wage statements or wage notices.

2.     Plaintiff brings this action to recover unpaid minimum wage and unpaid overtime premiums owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide wage statements and wage notices pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.     Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees who worked for Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working at Sutton Café Restaurant during the six (6)-year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred and Defendants' business is located in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiff

7.      Plaintiff Leandro Vazquez Vazquez ("Vazquez") was at all relevant times, an adult individual residing in Bronx County, New York.

8.      Throughout the relevant time period, Plaintiff performed work for Defendants at their restaurant, Sutton Café Restaurant, located at 1026 1st Avenue, New York, New York 10022.

9.      Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

### Defendants:

10.      Jasem Restaurant, Inc. is an active New York Corporation doing business as "Sutton Café Restaurant" with its principal place of business at 1026 1st Avenue, New York, New York 10022.

11.      According to the New York State Department of State, Division of Corporations, Jasem Restaurant, Inc. was registered on April 25, 1991.

12.      Jasem Restaurant, Inc. is hereinafter referred as the "Corporate Defendant."

13.      Upon information and belief, Defendant John Manolidis ("J. Manolidis") is an owner and operator of the Corporate Defendant who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

14.     Upon information and belief, Defendant Vera Manolidis ("V. Manolidis" and together with J. Manolidis, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

15.     The Individual Defendants maintained operational control over the Corporate Defendant and managed Sutton Café Restaurant by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

16.     The Individual Defendants employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

17.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in its direction and control of Plaintiff and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

18.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

20.     At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

21.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

22.     All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since October 6, 2017 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Sutton Café Restaurant located at 1026 1st Avenue, New York, New York 10022 (the "Collective Action Members").

24.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally required minimum wage or overtime premium payments.

25.     Plaintiff and the Collective Action Members have substantially similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

26.     Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All individuals employed by Defendants in New York at any time since October 6, 2014 and throughout the entry of judgment in this

case (the "Class Period") who worked as non-management employees at Sutton Café Restaurant located at 1026 1st Avenue, New York, New York 10022 (the "Class Members").

27.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

28.     The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

29.     Upon information and belief, there are in excess of forty (40) Class Members.

30.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a.      whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.      whether Defendants failed and/or refused to pay Plaintiff and the Class Members at least minimum wage for all hours worked each workweek;

c.      whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

d.      whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

e.      whether Defendants failed to provide Plaintiff and the Class Members with a proper

wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

f.      whether Defendants failed to provide Plaintiff and the Class Members with wage statements with each payment of wages, as required by the NYLL;

g.      whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

h.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

31.    The answers to these questions would drive resolution of the litigation.  If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

32.    <u>The Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid spread-of-hours premiums when working a shift of ten (10) or more hours or a split shift, was not provided with wage notices on the date he was hired or on February 1 of each subsequent year or when his wage rate(s) changed, and was not provided with wage statements with each payment of wages. If Defendants are liable to the Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

33.    <u>The Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between the Plaintiff and the Class Members, and Plaintiff brings this lawsuit out

of a desire to help all Class Members, not merely out of a desire to recover his own damages.

34.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

35.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

36.    Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant.  The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

<u>**STATEMENT OF FACTS**</u>

<u>**Defendants' Café Restaurant**</u>

37.    At all relevant times, Defendants have been in the food and hospitality business in the state of New York.

38.    According to Defendants' website, *"...John and Vera have been proudly serving the Sutton Place community for almost 30 years.  After 15 years in the restaurant business, they purchased Soupburg in 1991. After 7 years of dedication, they were able to acquire the neighboring store and the Sutton Café Restaurant was born.  This family owned business prided itself on serving you and yours the way they would serve their own. Please stop to enjoy it for yourself!"* (https://www.suttoncafenyc.com/our-story).

39.    According to the New York State Department of State, Division of Corporations, Defendant J. Manolidis is the chief executive officer of Jasem Restaurant, Inc. d/b/a Sutton Café

Restaurant.

40.     Upon information and belief, the Individual Defendants have owned, operated and managed Sutton Café Restaurant throughout the relevant time period.

41.     Upon information and belief, the Individual Defendants are a constant presence at Sutton Café Restaurant, where they manage the operations of the eatery place and take an active role in ensuring that the restaurant is run in accordance with their procedures and policies. Specifically, Defendant J. Manolidis is present at the restaurant on a daily basis and Defendant V. Manolidis is present on approximately a weekly basis.

42.     Upon information and belief, at all relevant times, the Individual Defendants, either themselves directly or through their direction of their management, have had power over payroll and personnel decisions at Sutton Café Restaurant, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

43.     **Plaintiff Leandro Vazquez Vazquez** worked for Defendants at Sutton Café Restaurant as a cook from in or around August 2009 through on or about August 10, 2020 (the "Vazquez Employment Period").

44.     Throughout the Vazquez Employment Period, Plaintiff Vazquez's duties included, but were not limited to, prepping meals, weighing, measuring, and mixing ingredients, checking ingredients for freshness, arranging and garnishing dishes, ensuring that the equipment in the kitchen was properly cleaned and maintained, baking products, preparing sauces, grilling, frying, and sauteing items and other food in accordance with the restaurant's recipes and menu, stocking orders of products in the kitchen, sanitation of all areas of work at the end of his shifts, among

many others.

45.     Throughout the Vazquez Employment Period, Plaintiff Vazquez typically worked six (6) days per week, and sometimes seven (7) days per week (this usually happened once per month) with most Mondays off.  From the beginning of the Vazquez Employment Period to in or around 2017, Plaintiff Vazquez was required to work from between approximately 5:00 am and 5:30 am to approximately 3:00 pm or longer, for a total of approximately fifty-seven (57) to sixty (60) hours per week, during the weeks he was required to worked six (6) days, or a total of approximately of sixty-six and one half (66.5) to seventy (70) hours per week, during the weeks he was required to worked seven (7) days.

46.     After certain changes were introduced in the kitchen and service of the restaurant (e.g., they were not offering baked goods prepared on site anymore), Plaintiff Vazquez's schedule changed.  From in or around 2017 to in or around March 2020, before the COVID-19 pandemic, Plaintiff Vazquez was required to worked six (6) and sometimes seven (7) days per week, from approximately 11:00 am to approximately 10:00 pm, and sometimes longer, for a total of approximately sixty (60) hours per week, during the weeks he was required to work six (6) days, and seventy (70) hours per week, during the weeks he was required by Defendants to worked seven (7) days.

47.     Due to the COVID-19 pandemic, the restaurant closed from approximately the second week of March 2020 until May 22, 2020.  When the restaurant reopened, Plaintiff Vazquez returned to work with a schedule of five (5) days per week, from approximately 11:00 am to approximately 8:00 pm, for a total of approximately forty-five (45) hours per week.

48.     Throughout the Vazquez Employment Period, Plaintiff Vazquez was not allowed to take breaks during his shifts, let alone a thirty (30)-minute uninterrupted meal break.  If Plaintiff

Vazquez was able to take some time to rest during his shifts, these breaks typically lasted between ten (10) to fifteen (15) minutes.

49.     Throughout the Vazquez Employment Period, Plaintiff Vasquez was paid a fixed salary as compensation for his work at the restaurant.  From in or around 2009, at the beginning of the Vazquez Employment Period, to in or around 2015, Plaintiff Vazquez was paid a fixed salary in the amount of six hundred dollars ($600.00) per week for all hours worked, including those beyond forty (40) in a given workweek.

50.     From in or around 2015 to in or around 2018, Plaintiff Vazquez was paid a fixed salary in the amount of six hundred and fifty dollars ($650.00) per week for all hours worked, including those beyond forty (40) in a given workweek.  From in or around 2018 to in or around 2019, Plaintiff was paid a fixed salary in the amount of seven hundred dollars ($700.00) per week for all hours worked, including those beyond forty (40) in a given workweek.

51.     Lastly, from in or around 2019 until the end of the Vazquez Employment Period, in or around August 2020, Plaintiff Vazquez was paid a fixed salary in the amount of eight hundred dollars ($800.00) per week for all hours worked, including those beyond forty (40) in a given workweek.

52.     As such, and during the relevant time period, during the years 2017, 2018, 2019, and the beginning of 2020 (before COVID-19 pandemic), Plaintiff Vazquez was not paid the legally-required minimum wages for large employers for all hours worked and throughout his entire employment period was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

53.     Throughout the relevant time period, Defendants did not track the hours worked by Plaintiff Vazquez through any reliable method.  In or around 2017, Defendants installed at the

restaurant a time clock machine after an altercation with a former employee who called the police due to the fact that Defendants denied the payment of his wages.  Despite the fact that the machine was installed at the restaurant, Plaintiff Vazquez and the other employees at Defendants' establishment were not allowed to use the timeclock machine, were never in possession of a time card, and were never instructed to punch-in or punch-out their hours into the system.  Only the Individual Defendants had access to the employees' timecards, and were the only ones clocking in and out on the timecards, on a daily basis, and during the time that employees were still performing their work.  Upon information and belief, only the Individual Defendants had access to those documents and filled them out.

54.     Throughout the Vazquez Employment Period, Plaintiff Vazquez was paid weekly from the hands of one of the Individual Defendants.  Plaintiff Vazquez received his wages entirely in cash, without a pay stub or any other wage statement that provided information about hours worked during the pay period or the wage rate(s) paid during the workweek. At the end of the Vazquez Employment Period, Plaintiff was required to sign a document, the contents of which he was unable to understand because it was in English and not clear what was written, in order to receive his cash wages.

55.     Throughout the Vazquez Employment Period, although Plaintiff frequently worked a spread of more than ten (10) hours per day or split shifts, he did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

56.     At no time during the Vazquez Employment Period did Plaintiff Vazquez receive a wage notice as required by the NYLL, setting forth information such as his regular and overtime hourly rates, any deductions taken by Defendants, and contact information of his employer.

**Defendants' Unlawful Corporate Policies**

57.     Plaintiff and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wage, overtime premiums, spread-of-hours premiums, and failing to provide wage statements or wage notices.

58.     Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked.  Defendants' failure to pay Plaintiff the legally-required minimum wage for all hours worked was a corporate policy of Defendants which applied to their non-management employees throughout the Class Period.

59.     Plaintiff has spoken with other employees of Defendants who were similarly paid a fixed weekly salary for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants which applied to all non-management employees throughout the Class Period.

60.     Despite the fact that Plaintiff and the Class Action Members often worked shifts of ten (10) hours or more, Plaintiff and Class Members were not paid spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when they worked in excess of ten (10) hours per day.

61.     Defendants' policy of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

62.     Defendants failed to provide Plaintiff and the Class Members with wage notices at the time of their hire, annually by February 1 of each year, and/or when their wage rate(s) changed.

63.     Defendants failed to provide Plaintiff and the Class Members with wage statements

or paystubs with each payment of wages and in fact did not provide any documentation with Plaintiff's wages.

64.    Throughout the Class Period and, upon information and belief, Defendants likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.

65.    Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Collective Action Members)

66.    Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.    By failing to pay minimum wage for all hours worked Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215 (a)(2).

68.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.    Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT-UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and Collective Action Members)**

70.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

72.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and Class Members)**

74.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

76. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and Class Members)

77. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

79. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and Class Members)**

80.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one (1) hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

82.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiff and Class Members)**

83.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

85.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### SEVENTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiff and the Class Members)**

86.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.    Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195(3).

88.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendants' willful failure to pay minimum wages and overtime premium compensation pursuant to the FLSA, NYLL

and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h.   An award of compensatory damages as a result of the Defendants' failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

j.   An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.   An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.   An award of prejudgment and post-judgment interest;

m.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.   Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated:  New York, New York
        October 5, 2020

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholders of JASEM RESTAURANT, INC. are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and Fed. R. Civ. P. 23 class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of JASEM RESTAURANT, INC., and to charge you with indebtedness of said corporation to the plaintiff for services performed for the corporations as an employee during the six (6)-year period preceding the filing of the complaint.

Services for the above-referenced corporations were terminated by plaintiff in August 2020, within the past 180 days.

Dated: October 5, 2020

_____
Brent E. Pelton, Esq.

*Attorneys for Plaintiff and the putative
FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Jasem Restaurant, Inc. d/b/a Sutton Café Restaurant, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and prevailing wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____
Signature

*Leandro Vazquez*
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Jasem Restaurant, Inc. d/b/a Sutton Café Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

*Leandro Vazquez*
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.